| | | |
|---|---|---|
| | | *Revisión administrativa* Procedente de la Oficina del Inspector General (OIG) |
| LORAINE MARTÍNEZ ADORNO Recurrente v. OFICINA DEL INSPECTOR GENERAL Recurrida | KLRA202200567 | Sobre: Separación Periodo Probatorio |

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante nos la Sra. Loraine Martínez Adorno (en adelante, señora Martínez Adorno o recurrente), para que revoquemos una resolución administrativa que provocó su despido por no aprobar el periodo probatorio en la Oficina del Inspector General, (en adelante, OIG o parte recurrida).

Evaluados los escritos de las partes, determinamos confirmar la resolución recurrida.

**-I-**

Luego de 25 años ocupando un puesto de carrera en el Departamento de Corrección y Rehabilitación, la señora Martínez Adorno aceptó una oferta de empleo en la OIG, renunció a su anterior trabajo y

fue nombrada el 23 de noviembre de 2021.[1] Su nombramiento fue al cargo de Educadora en el Área de Educación, Asesoramiento y Prevención de la OIG, un puesto en el servicio de la carrera no cubierto por un convenio y con un periodo probatorio de nueve (9) meses, venciendo el 23 de agosto de 2022.[2] Durante ese periodo probatorio, la recurrente fue evaluada en tres (3) ocasiones y participó en diversos adiestramientos como parte de su formación, alcanzando un promedio de 67.5 horas contacto.[3]

Sin embargo, sus evaluaciones no alcanzaron lo esperado por la OIG. La primera evaluación comprendió el periodo del 23 de noviembre al 8 de marzo de 2022. De esa evaluación surge del expediente, que la señora Martínez Adorno, obtuvo un nivel de ejecución de 2.69 y los comentarios no fueron satisfactorios. No obstante, la supervisora, Francheska Negrón López, discutió la evaluación con la recurrente.[4]

Así las cosas, la segunda evaluación comprendió el periodo de 9 de marzo al 9 de junio de 2022. En esa ocasión, la señora Martínez Adorno alcanzó un nivel de ejecución de 2.44 y los comentarios fueron deficientes.[5] Así pues, la recurrente tuvo una tercera y última evaluación dentro del periodo probatorio para la fecha de 10 de junio al 5 de agosto de 2022, esa vez obtuvo un nivel de ejecución de 2.57 y los comentarios de la evaluación fueron fatales.[6]

Como consecuencia, el 5 de agosto de 2022, la señora Negrón López, directora del Área de Educación y la señora Mayra Rivera, Directora de Recursos Humanos, le entregaron a la señora Martínez Adorno una carta fechada y firmada por la señora Vanessa Figueroa

---

[1] Apéndice de la parte recurrida, págs. 1 – 3.
[2] Apéndice de la parte recurrente, págs. 1 – 5.
[3] Apéndice de la parte recurrida, págs. 27 – 28.
[4] Apéndice de la parte recurrida, págs. 20 – 26.
[5] Apéndice de la parte recurrida, págs. 12 – 19.
[6] Apéndice de la parte recurrida, págs. 9 – 16.

Zavala, Sub Inspectora General.[7] En la referida carta, se le notificó a la recurrente que sería separada de su puesto inmediatamente y se le advirtió de su derecho reglamentario a *"solicitar una reconsideración ante la Inspectora General dentro del término jurisdiccional de diez (10) días laborales".*[8]

En consecuencia —con fecha de 9 de agosto de 2022— el 11 de agosto de 2022, la señora Martínez Adorno presentó una reconsideración en la Secretaría de la OIG para que se dejara sin efecto la separación de empleo.[9] En respuesta, el 22 de agosto de 2022, notificada por correo certificado el 24 de agosto de 2022, la OIG reafirmó y mantuvo su decisión de la cesantía, por no aprobar el periodo probatorio.[10]

Inconforme, la señora Martínez Adorno recurre ante nos en una *Petición de Revisión Judicial* y plantea los siguientes errores:

> *Primer error: Erró la OIG al no cumplir con las exigencias del Reglamento OIG–RH–12 y la Ley de Procedimientos Administrativos Uniforme (LPAU), en cuanto a la adjudicación de la solicitud de reconsideración de la recurrente, los requisitos de forma de la determinación final de la agencia y la determinación en reconsideración de la Inspectora General y el término para solicitar reconsideración.*
> *Segundo error: Erró la OIG al no entregar a la recurrente la acción final de separación de empleo en periodo probatorio con no menos de diez (10) días laborables de antelación a la efectividad de la separación en violación al Art. V, sec. 509 (10) del Reglamento de Recursos Humanos de la OIG.*
> *Tercer error: Erró la OIG al no reinstalar a la Sra. Martínez Adorno en un puesto de la misma clase del que ocupaba con regularidad en el Departamento de Corrección y Rehabilitación o en otro puesto similar cuyos requisitos sean análogos, según requiere el Reglamento de Recursos Humanos de la Oficina del Inspector General OIG – RH – 12, el Principio del Mérito y el Debido Proceso de Ley.*

**-II-**

La determinación del OIG es una decisión administrativa, cuya revisión se rige por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG).[11] La referida Ley establece que *"[l]as*

---

[7] Apéndice de la parte recurrente, pág. 12.
[8] *Id.*
[9] Apéndice de la parte recurrente, pág. 13 – 16.
[10] Apéndice de la parte recurrente, pág. 119.
[11] Ley 38-2017, 3 LPRA sec. 9675.

*determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obre en el expediente administrativo, considerado este en su totalidad."*[12] Además, sobre las conclusiones de derecho de las agencias administrativas la sección citada expresa que, *merecerán deferencia judicial, sin menoscabo de la función de revisión judicial.*[13]

Así, ante una revisión judicial el tribunal tomará en consideración los siguientes factores: **(a)** presunción de corrección; **(b)** especialización del foro administrativo; **(c)** no sustitución de criterios; **(d)** deferencia al foro administrativo; y, **(e)** que la decisión administrativa solo se dejará sin efecto ante una actuación arbitraria, ilegal o irrazonable, o ante determinaciones huérfanas de prueba sustancial en la totalidad del expediente.[14]

Consecuentemente, la intervención del tribunal revisor se circunscribe a evaluar si la decisión administrativa es *razonable*. En la alternativa, de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener la que seleccionó la agencia y no sustituir su criterio por el de ésta.[15] A tales efectos, para impugnar la razonabilidad de la determinación o demostrar que la evidencia que obra en el expediente administrativo no es sustancial, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de tal evidencia.[16] En su gestión revisora, el tribunal apelativo debe considerar la evidencia presentada en su totalidad, tanto la que sostenga la decisión administrativa, como la que menoscabe el peso que la agencia le haya conferido.[17] Ello implica —como indicamos antes— que las decisiones de las agencias administrativas tienen a su favor una

---

[12] *Id.* sec. 9675.
[13] *Id.* sec. 9675.
[14] *Id.*
[15] *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR,* 144 DPR 425, 437 (1997).
[16] *Domínguez v. Caguas Expressway Motors, Inc.,* 148 DPR 387, 398 (1999).
[17] *Murphy Bernabé v. Tribunal Superior,* 103 DPR 692, 699 (1975).

presunción de legalidad y corrección que debe respetarse por los tribunales.

En ese sentido, la OIG, es una entidad gubernamental del Gobierno de Puerto Rico con plena autonomía administrativa, presupuestaria, operacional y fiscal.[18] En esencia, el Inspector General posee la facultad, entre otras, de adoptar reglamentos para el funcionamiento interno de la OIG, nombrar y contratar personal, designar oficiales examinadores y jueces administrativos para que presidan los procesos adjudicativos, que inicien en la OIG con facultad de emitir todas aquellas órdenes que sean necesarias para salvaguardar el debido proceso de ley de las partes conforme a la reglamentación adoptada para la OIG.[19] Sin embargo, la OIG no está excluida de las disposiciones de la LPAUG y está comprendida dentro de la definición de *agencia*.[20] Es decir, la OIG tiene que cumplir cabalmente con la LPAUG.[21]

En fin, debemos limitarnos a evaluar si la OIG actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituye un uso excesivo de discreción.[22]

**-III-**

Surge del expediente que la señora Martínez Adorno, al momento de aceptar la oferta de empleo de la OIG, asumió la responsabilidad de cumplir no tan solo con el contrato de empleo, sino con todos sus deberes, funciones y condiciones. De hecho, aceptó que ese nuevo empleo incluía un periodo probatorio de nueve (9) meses.[23] Como parte de su empleo, la recurrente tenía que ejercer funciones en un 20% que tuviera que ver con la planificación de charlas y adiestramientos en

---

[18] 3 LPRA sec. 8868.
[19] *Id.*
[20] 3 LPRA sec. 9603 (a).
[21] *Id.*
[22] *Junta de Planificación, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009*); Rivera Concepción v. ARPE*, 152 DPR 116, 122 (2000); *Fuertes y otros v. ARPE*, 134 DPR 947, 953. (1993).
[23] Apéndice de la parte recurrente, págs. 1 – 2.

diversas materias para empleados públicos.[24] De ordinario, la naturaleza de sus funciones impone que constantemente esté expuesta a críticas respecto a su proyección y desempeño.

A tales efectos, el reglamento de la OIG establece que el periodo probatorio constituye la última parte del proceso de reclutamiento y selección.[25] Asimismo, establece: **(1)** empleado que se encuentre en periodo probatorio será evaluado por las funciones propias y al nivel de clasificación oficial; **(2)** el periodo probatorio abarcará un ciclo completo de funciones y no será menor a 6 meses, ni mayor de doce meses; y **(3)** el trabajo de todo empleado en periodo probatorio será evaluado periódicamente en cuanto a su productividad, eficiencia, hábitos y actitudes.[26]

De los autos ante nuestra consideración se desprende que:

(1) la señora Martínez Adorno fue evaluada en tres periodos diferentes a lo largo del periodo probatorio;
(2) en cada evaluación obtuvo nivel de clasificación deficiente; y
(3) en cada evaluación, la supervisora del área de trabajo se reunió con ella para aclarar la evaluación y brindar recomendaciones en la capacitación, sin embargo, la recurrente optaba por discutir y firmar aseverando expresamente:" No estoy de acuerdo con la evaluación.[27]

De otro lado, la recurrente asegura que había ocupado un puesto de carrera con el Departamento de Corrección y Rehabilitación donde laboró por 25 años y que, por ello, se activaba un debido proceso de ley al ella poseer un interés propietario sobre dicho empleo. No le asiste la razón.

La señora Martínez Adorno, decidió renunciar a su pasado empleo en otra agencia del Gobierno para aceptar someterse a un periodo probatorio de nueve (9) meses en otra agencia pública.

---

[24] Apéndice de la parte recurrente, pág. 6.
[25] *Reglamento de Recursos Humanos de la Oficina del Inspector General de Puerto Rico, sec. 6.05. Apéndice de la parte recurrente, pág. 59.*
[26] *Id.* sec. 5.09. Apéndice de la parte recurrente, pág. 59.
[27] Apéndice de la parte recurrida, págs. 5 – 26.

En fin, no contamos con evidencia sustancial que nos coloque en posición de resolver que el foro administrativo actuó en contravención de su reglamento OIG– RH– 12 y en violación a un debido proceso de ley. Es decir, la resolución administrativa no es una arbitraria, ilegal o irrazonable.

**-IV-**

Por los fundamentos antes expuestos, se confirma la Resolución recurrida.

Lo pronunció el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones